UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-686-H

**JERRY MILLS, SR.**  PLAINTIFF

v.

**HESTER MILLS,** *et al.*  DEFENDANTS

**MEMORANDUM AND ORDER**

On or about December 11, 2007, Plaintiff, *pro se*, filed the instant civil action against the following Defendants: Hester Mills, John Anderson, Loretta Anderson, Greg Mills, Kathy Mills, Mills Supply, Robert Mills, Diane Mills, Doug Mills, Debra Mills, Jack Mills, and Myra Mills. With his complaint, Plaintiff also filed an application to proceed without prepayment of filing fees (DN 3). Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). His application is, therefore, **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). As explained below, based on its review, the Court concludes that it lacks subject matter jurisdiction over the instant action and it must be dismissed.

Plaintiff commenced this action by filling out a court-supplied general complaint form. In the section of the form asking Plaintiff to provide the grounds for filing this case Plaintiff states as follows: "criminal conspiracy and americans with disabilities act, both felonies and both federal laws." In the statement of claim section Plaintiff states the basis of his claim as follows:

> In 1970 Beverly Mills divorced me, in 1971 Beverly was arrested for dope, I took her to court for custody of Jerry and [illegible] Mills. My mother Hester Mills and others went to court against me-I lost-Hester Mills and others are still harassing me-

pain and suffering-result 37 years and my children are on dope. Beverly Mills had a sick aunt Aline Keller who died and left Beverly Mills 0 nothing because of her drug use–Hester Mills and other defendants are all involved in this criminal conspiracy against me. I have lost everything because of these defendants.

As relief Plaintiff seeks the following: "a. 100 million dollars from each defendant; b. dead Aline Keller a multi-millionaire paid; and c. Hester Mills to go against me in 1971 for custody my children."

Shortly after filing this action on December 19, 2007, Plaintiff filed a motion to dismiss with the Court stating, "I Jerry T. Mills Sr. ask the Court to stop to federal lawsuit. I am diabetic and the stress is too much." A few days later, on December 23, 2007, Plaintiff wrote the Court stating that he wanted to continue this action despite his prior notice of dismissal. Then, three days after that, on December 26, 2007, Plaintiff again stated in a letter to the Clerk that he wanted to dismiss this action. Plaintiff provides no explanation for his indecisiveness and the Court is uncertain whether Plaintiff wishes to continue or voluntarily dismiss this action. However, the Court need not resolve this question because even if Plaintiff desired to continue with this action, it would nevertheless be subject to dismissal because the Court lacks subject matter over it.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998),

*overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing this Court's jurisdiction. Although Plaintiff states broadly that jurisdiction is proper because this case involves a "criminal conspiracy"[1] and "the americans with disabilities act" he has made no effort to explain how the facts in this case establish these causes of action. The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] The Court notes that even if Plaintiff did adequately plead a "criminal conspiracy" claim, as a private citizen he does not have the power to assert a federal criminal cause of action. *Saro v. Brown*, 11 Fed. Appx. 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Plaintiff utterly fails to demonstrate federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff additionally fails to establish diversity jurisdiction as he has not demonstrated complete diversity of citizenship with Defendants as required under 28 U.S.C. § 1332.

Accordingly, because Plaintiff has failed to establish that this Court has subject matter jurisdiction over this action will be dismissed by separate Order pursuant to Federal Rule of Civil Procedure 12(h)(3).

Date:

cc: Plaintiff, *pro se*
4412.008